GUILLERMO SILVA, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Defendant; and RAMÓN MONTANER, MANAGER OF THE STATE INSURANCE FUND and COMPAÑÍA AZUCARERA DEL CAMUY, INC., Respondents.

No. 163.   Argued February 13, 1939.—Decided February 25, 1939.

*V. Brunet* and *Miguel A. Casiano*, for petitioner.   *M. León Parra*, for defendant.   *Víctor A. Vidal González*, for the State Fund. *F. Susoni, Jr.*, for the employer.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Section 6 of the Workmen's Accident Compensation Act (Laws of Puerto Rico 1935—250, 276, 280) authorizes the Manager of the State Insurance Fund to supervise the inves-

tigation of claims against that fund, but provides that "he shall not interfere with, nor have any authority over, the members of the Industrial Commission or such persons as are appointed as assistants of said Commissions to carry out the duties entrusted to it." Section 15 reads as follows:

"In case of an accident to a workman or employee while working for an employer who, in violation of law, is not insured, the Manager of the State Fund shall determine the proper compensation plus the expenses in the case, and shall certify its decision to the Treasurer of Puerto Rico who shall collect from the employer such compensation and expenses, both of which shall constitute a lien on all the property of the employer; *Provided,* That said compensation and expenses are hereby declared to be liens preferred over any other charge or lien for taxes or any other cause, with the exception of the mortgage credits, crop loans, and property taxes on the encumbered property for three years and the current year, burdening the property of the employer when it is attached to secure the said compensation and expenses; *Provided, further,* That the Commission shall grant the employer as well as the workman or employee in the case an opportunity to be heard and to defend themselves, conforming as far as possible to the practice observed in the district courts; *And provided, also,* That after the parties have been summoned by such means as the Commission may adopt, should they, or either of them, fail to appear for hearing and defense, it shall be understood that such party or parties waive their rights, and the Commission may decide the case in default, without further delay.

"Should any employer employing four (4) or more workmen or employees fail to insure the payment of compensation for labor accidents in accordance with this Act, any prejudiced workman or his heirs may proceed against such employee by filing a petition for compensation with the Industrial Commission, and may, also, bring suit for damages just as if this Act were not applicable; and they shall be entitled in such action, without furnishing bond, to attach the property of the employer for such sum as the court may determine, in order to insure the payment of such judgment as may be rendered, if the court considers that there is just cause for action after the examination of the claim, which shall be sworn to. Such attachment shall include attorney's fees to be fixed by the court, and shall be effective until the case has been decided and the amount of the judgment paid. If, as a result of such action for damages,

judgment is rendered against the employer in excess of the compensation fixed by this Act, the compensation fixed, if paid or guaranteed by surety approved by the Court, shall be deducted from the judgment.

"In such proceedings, the fact that the workman or employee was guilty of contributory negligence; or that he assumed the risk of the injury; or that the injury was caused by the negligence of a fellow workman; or that the injury was caused by the negligence of a contractor or independent subcontractor, unless such contractor or independent subcontractor is insured in accordance with the provisions of this Act, shall not constitute a defense for the employer.

"No contract made between an employer and a workman or employee and purposing to allow the use of any of these defenses shall be valid."

Guillermo Silva was the father of Miguel A. Silva, a deceased employee of La Compañía Azucarera del Camuy, Inc. He filed before the Industrial Commission a petition for compensation, wherein he alleged that the employer was uninsured. The Commission requested from the Manager of the State Fund, information as to whether the employer was insured. On October 27, 1938, the Manager informed the Commission that:

The accident had been reported by the Soller Sugar Co., Inc., as employer; thereafter it had been alleged that Miguel A. Silva was employed by La Cía Azucarera del Camuy, Inc.; in the Manager's files there was a policy name of the Soller Sugar Co., Inc. and/or La Cía. Azucarera del Camuy, Inc.; the Manager had the case under consideration with a view to determining who was the employer; and in case it should prove to be La Cía. Azucarera del Camuy, whether or not that company was insured at the time of the accident.

The Commission suspended further proceedings until the Manager should report the result of his investigation. Petitioner moved that a summons be issued as provided by section 15, and that the case be set for a hearing. The Commission granted the Manager five days within which to make a report; and notified him that, in the event of his failure to report, the case would be set for a hearing.

The Manager sent the Commission a copy of his decision dated December 9, 1938. This decision first set forth a previous decision dated September 23, 1938, whereby the compensation due Guillermo Silva for the death of Miguel Silva —as an employee of the Soller Sugar Co. and/or La Cía. Azucarera del Camuy—was fixed at $2,703.72. It then recited that: Guillermo Silva, alleging that Miguel Silva had been an employee of La Cía. Azucarera del Camuy, which was not insured, had moved for a suspension of the decision of September 23, 1938, pending a determination of the employer's status; and for a declaration that the employer was not insured. This recital was followed by an order of suspension dated October 22. Next came findings to the effect that:

The Soller Sugar Co. was an Arecibo corporation engaged in the planting of cane and the manufacture of sugar; August 31, 1935, it filed its statement of wages and salaries for the year 1935–36 and later paid the corresponding annual premium; it did the same for the year 1936–37; June 30, 1937, on filing its statement of wages and salaries for 1937–38, it included therein a note indicating that the policy for the new year should "figure" Soller Sugar Co., Inc., and/or Cía. Azucarera del Camuy; it expressed an intention of spending during the year 1937–38 $2,000.00 in the erection of buildings for the new sugar mill in Camuy and $500 in the grading of a railroad; premiums were paid on the basis of wages and salaries earned by the employees of both corporations and, through an error of the insurance division, a policy was issued in the same form in which wages and salaries had been reported, that is to say, "Soller Sugar Co., Inc. and/or Cía. Azucarera del Camuy;" the Soller Sugar Co. Inc. and La Cía Azucarera del Camuy were two different corporations although they had the same board of directors; Miguel A. Silva, at the time of the accident which caused his death, was employed by La Cía Azucarera del Camuy; this corporation— having reported its wages and salaries for the year 1937–38, although by mistake jointly with the Soller Sugar Co. and having paid its full annual quota or premium for that year—was insured in conformity with the provisions of the Workmen's Accident Compensation Act.

For these and other reasons going to the status of Guillermo Silva as beneficiary and the circumstances in which Miguel Silva met his death, the Manager again allowed compensation in the sum of $2,703.72.

The Industrial Commission, on December 21, 1938, held that—after the conclusion reached by the Manager of the State Insurance Fund to the effect that the employer was insured—any further action by the Commission would be superfluous; and that—in the absence of any claim that the compensation allowed was inadequate in amount—it was not incumbent on the Commission to interfere. Later the Commission denied a motion for reconsideration of its ruling.

Petitioner upon the theory that the employer had not been insured was seeking to recover $3,000 instead of the $2,703.72 allowed by the Manager upon findings contrary to petitioner's theory of the case. Regardless of any question as to the merits of the conclusion reached by the Manager of the State Insurance Fund, petitioner, we think, should have been given an opportunity to be heard and to present before the Commission any evidence or argument available in support of his claim under the provisions of section 15, supra, of the Workmen's Accident Compensation Act.

The two rulings of the Commission must be reversed, and the case will be remanded for further proceedings not inconsistent herewith.